UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER L. GREEN,<br><br>　　　　　Defendant. | CASE NO. CR17-5355 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Christopher L. Green's Motion for Compassionate Release, Dkt. 71. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and grants the motion for the reasons stated below.

## I.　BACKGROUND

In March 2018, Green pled guilty to Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2; and Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Dkt. 37.

1  In June 2018, Judge Leighton[1] sentenced Green to 96 months in custody followed by five
2  years of supervised release. Dkt. 48. Green is currently housed at the Federal Correctional
3  Institute in Sheridan, Oregon ("FCI Sheridan") and is scheduled to be released on March
4  26, 2025.
5         Green previously filed a motion for compassionate release in May 2020 based on
6  COVID-19 health concerns, Dkt. 55, and the Court denied that motion, Dkt. 68. Green
7  now moves for compassionate release[2] on different grounds, specifically arguing that his
8  release is necessary to allow him to care for his long-term disabled girlfriend, Anna
9  Anderson, and their two children, ages five and fourteen.[3] Dkt. 71. The Government
10 opposes compassionate release,[4] arguing that Green failed to exhaust his administrative
11 remedies. Dkt. 79. But the Government concedes that if the Court concludes Green
12 properly exhausted, the Court could find that there are extraordinary and compelling
13 reasons warranting his release. *Id.* The Government further requests that, if the Court
14 does grant Green release, it convert the remainder of his prison term into an extended
15 term of supervised release. *Id.*

---

[1] This case was reassigned to the undersigned in December 2021 after Judge Leighton retired from the federal bench. Dkt. 74.

[2] Green's unopposed motion for leave to file over-length motion, Dkt. 70, is GRANTED and his unopposed motion to seal, Dkt. 72, is GRANTED.

[3] While Green's motion indicates the older child is thirteen, Anderson's most recent letter, Dkt. 82-2, indicates the child is fourteen.

[4] The Government's unopposed motion to seal, Dkt. 80, is GRANTED.

ORDER - 2

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the

requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>   (1)(A) Extraordinary and compelling reasons warrant the reduction;
> \*\*\*
>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>   (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have exhausted their administrative remedies and that they have

extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

A.   **Exhaustion of Administrative Remedies**

The Government argues that Green failed to exhaust his administrative remedies because the response from the warden attached to his motion addresses COVID-19 concerns rather than Anderson's or their children's need for care. Dkt. 79 at 8–9. Green attached his request to the warden to his reply, *see* Dkt. 82-1, and indicated that the Government "is no longer invoking Section 3582(c)(1)(A)'s exhaustion requirement in this case," Dkt. 82 at 1 (quoting Email Communication with Teal Miller, 1/11/22).

In his request to the warden, dated June 17, 2021, Green states that his children's mother suffers from lupus and fibromyalgia and that "if she contracts COVID-19 it could kill her and [his] small children [would] be without parents." Dkt. 82-1 at 1. The warden denied his request on July 13, 2021, *id.* at 2, and Green filed the instant motion on December 22, 2021, Dkt. 71. Green properly exhausted his administrative remedies.

B.   **Extraordinary and Compelling Reasons**

Green moves for release so he can care for his long-term, disabled girlfriend and their two children. Dkt. 71 at 2. The Government concedes that the Court could conclude that Anderson's need for care along with the two children's need for care are extraordinary and compelling reasons for a reduction in sentence. Dkt. 79 at 11. The Government does point out that Anderson arguably falls outside of the confines of the policy statement because her and Green are not married (though they have been together for 16 years) and that the record does not necessarily establish that Green is her only

potential caregiver. *Id.* at 10. But the Government also notes that given the amount of care that Anderson and the children need, the unavailability of Anderson's adult children, the unavailability of state caregivers on nights and weekends, and the unavailability of anyone else who can care for the children, "the court could conclude that Green is the only available caregiver." *Id.*

While § 1B1.13 is not binding on this Court for defendant-initiated motions for compassionate release, it does provide the Court guidance. The Application Notes to the policy statement states that family circumstances, and specifically the "incapacitation of the caregiver of the defendant's minor child or children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" qualify as extraordinary and compelling reasons. USSG, § 1B1.13, Application Notes (1)(C). Indeed, courts have held that the need to care for one's minor children, spouse, or parent are extraordinary and compelling reasons under the First Step Act. *See, e.g.*, *United States v. Thompson*, No. 3:17-CR-170-CHB, 2021 WL 2418573, at *5 (W.D. Ky. June 14, 2021) (minor children); *United States v. Hansen*, No. 17 CR 50062, 2020 WL 2219068, at *2 (N.D. Ill. May 7, 2020) (spouse); *United States v. Pickering*, No. CR20-5005 BHS, Dkt. 73 (parent).

It is largely undisputed that Anderson and Green are the only potential caregivers for their two young children. Anderson currently cares for the children on her own with occasional help from one of her adult children. Dkt. 71-1 at 1, 28. That child indicates that while he does assist Anderson with the children's care, doing so is difficult because of his other responsibilities. Dkt. 71-1 at 28. Green's parents are also unable to help with

the minor children because his mother lives in Louisiana and his father is incarcerated. Dkt. 79 at 10. Anderson's other two adult children are unable to help because of other family and job responsibilities. Dkt. 71-1 at 28. Anderson's most recent letter states that, when she was in the hospital most recently, her 14-year-old son had to miss his first week of school to watch his 5-year-old sister. Dkt. 82-2.

It is also undisputed that Anderson has severe health issues. She suffers from an autoimmune disease in the lupus family called Sjögren's syndrome. Dkt. 71-1 at 1; Dkt. 73. She is frequently hospitalized and struggles to even get out of bed. Dkt. 71-1 at 1, 28; Dkt. 82 at 2; Dkt. 82-2. Anderson does receive in home care from the state, but the care is not around the clock and she specifically lacks care during nights and weekends. Dkt. 71-1 at 1. As mentioned above, one of Anderson's sons does help with her care, but he has difficulty doing so because of his own responsibilities. *Id.* at 28.

While Green's need to care for Anderson may constitute a compelling and extraordinary reason, the Court need not decide that here. Green has demonstrated that he is the only available caregiver for his minor children. Anderson is often very sick or hospitalized, and while she receives some help from her adult son, it is clear that he is unable to provide care to the extent needed. Of particular concern is the fact that Green and Anderson's 14-year-old son had to miss a week of school to care for his younger sister because Anderson was hospitalized. Green has demonstrated extraordinary and compelling reasons warranting a modification of his sentence.

## C.     18 U.S.C. § 3553(a) Factors

Having found that extraordinary and compelling reasons have been established, the Court must still consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to adequately deter criminal conduct; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

As both the Government and Green himself point out, Green's criminal history is serious. He has numerous prior convictions and conduct for which he is currently serving a prison sentence involved not only distribution of narcotics, but also possession of a firearm.

Nevertheless, Green has made great strides since his original sentencing. He did not incur any violations while on pretrial supervision for almost a year. Dkt. 71 at 11. He has also participated in extensive drug treatment while incarcerated. *Id.* This is true despite a difficult upbringing and more recent tragic family circumstances, including his daughter's suicide while he was on pretrial release and Anderson's deteriorating health.

*Id.* He has served almost half of his sentence and is scheduled to be released early in March 2025, presumably as a result of good time credit. Moreover, Green has served the majority of his sentenced during the COVID-19 pandemic. The lockdown measures prisons across the country like FCI Sheridan have undergone to mitigate the spread of the pandemic have made confinement much more punitive than was contemplated at sentencing.

Green's motion for compassionate release is, therefore, granted. The Government requests, and the Court agrees, that the Court add the remaining portion of his sentence to his term of supervised release. Dkt. 79 at 12. Under 18 U.S.C. § 3582(c)(1)(A), if the Court determines that a modification in sentence is appropriate, the Court may impose a term of supervised release that does not exceed the unserved portion of the original term of imprisonment. Pursuant to this authority, the Court sentences Green to time served and adds Green's remaining term of imprisonment to his five-year term of supervised release.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Christopher L. Green's Motion for Compassionate Release, Dkt. 71, is **GRANTED**, Green's unopposed Motion to File Over-length Motion, Dkt. 70, is **GRANTED**, Green's unopposed Motion to Seal, Dkt. 72, is **GRANTED**, and the Government's unopposed Motion to Seal, Dkt. 80, is **GRANTED**.

Green's term of imprisonment is modified to time served and his remaining term of imprisonment is added to his supervised release term. He shall be released 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau

of Prisons. If Green tests positive for COVID-19 at any time during this quarantine period, BOP will notify the Government who will immediately notify the Court and the Order will be appropriately modified.

As an additional condition of his supervised release, Green shall participate in the location monitoring program with Active Global Positioning Satellite technology for a period of 180 days. The defendant is restricted to his residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant is permitted to, and should, assist Anna Anderson with the care of their children with prior approval. The defendant shall abide by all program requirements, and must contribute toward the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

Dated this 7th day of February, 2022.

BENJAMIN H. SETTLE
United States District Judge